# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID LEMMON**, | : | |
| 1476 ½ S High St. | : | |
| Columbus OH, 43207 | : | Civil Action No.:  2:15-cv-779 |
| | : | |
| and | : | JUDGE |
| | : | |
| **THADDEUS KILGORE, JR.,** | : | MAGISTRATE JUDGE |
| 940 Terrace Dr. | : | |
| Heath, OH 43056 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| and | : | |
| | : | |
| **WILLIAM LANDIS, III,** | : | |
| 1620 Parkinson Dr. | : | |
| Reynoldsburg, OH 43068 | : | |
| | : | |
| and | : | |
| | : | |
| **GREGORY GROSS,** | : | |
| 48 ½ Madison Ave. | : | |
| Newark, OH 43055 | : | |
| | : | |
| and | : | |
| | : | |
| **RICHARD OWENS,** | : | |
| 521 Essex Downs Rd. | : | |
| Newark, OH 43055 | : | |
| | : | |
| and | : | |
| | : | |
| **JEFFREY RATH,** | : | |
| 1685 Greer Dr. W | : | |
| Newark, OH 43055 | : | |
| | : | |
| and | : | |
| | : | |
| **KYLE DEBROSSE,** | : | |
| 873 S. Chesterfield Rd. | : | |
| Columbus, OH 43209 | : | |
| | : | |
| **Plaintiffs, for themselves,** | : | |
| **and all others similarly situated.** | : | |

|  |  |
|---|---|
| v. | : |
|  | : |
|  | : |
| **HARRY & DAVID OPERATIONS, INC.,** | : |
| Serve Statutory Agent: | : |
| CSC-LAWYERS INCORPORATING | : |
| SERVICE | : |
| 50 W. Broad St. | : |
| Suite 1800 | : |
| Columbus, OH 43215 | : |
|  | : |
| and | : |
|  | : |
| **HARRY & DAVID LLC,** | : |
| 2500 South Pacific Highway | : |
| Medford, OR 97501 | : |
|  | : |
| **Defendants.** | : |
|  | : |

## COMPLAINT

NOW COMES Plaintiffs David Lemmon, Thaddeus Kilgore, Jr., William Landis, III, Gregory Gross, Richard Owens, Jeffrey Rath, and Kyle DeBrosse ("Plaintiffs") and proffers this Complaint for damages against Defendants Harry & David Operations, Inc. and Harry & David, LLC. ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

2

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio and performed their job duties there and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff David Lemmon is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Lemmon resides in Franklin County, Ohio.

6. Plaintiff Thaddeus Kilgore, Jr. is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Kilgore resides in Licking County, Ohio.

7. Plaintiff William Landis, III is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Landis resides in Franklin County, Ohio.

8. Plaintiff Gregory Gross is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Gross resides in Morrow County, Ohio.

9. Plaintiff Richard Owens is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Owens resides in Licking County, Ohio.

10. Plaintiff Jeffrey Rath is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Rath resides in Licking County, Ohio.

11. Plaintiff Kyle DeBrosse is an individual, a United States citizen, and a resident of the state of Ohio. Mr. DeBrosse resides in Franklin County, Ohio.

12. At all times relevant herein, the Plaintiffs were employees of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

13. Defendants are Delaware Corporations doing business in the Southern District of Ohio and Medford, Oregon.

14. At all times relevant herein, Defendants are covered employers as that term is defined in the FLSA and O.R.C. Chapter 4111.

15. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

16. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Plaintiff has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

17. Plaintiff Lemmon began working for Defendants on or around September 2, 2014 in the position of Account Executive Inside Sales.  Plaintiff Lemmon is currently employed with Defendants.

18. Plaintiff Kilgore began working for Defendants on or around June 10, 2013 in the position of Account Executive Inside Sales.  Plaintiff Kilgore is currently employed with Defendants.

19. Plaintiff Landis began working for Defendants on or around October 26, 2013 in the position of Account Executive Inside Sales.  Plaintiff Landis voluntarily left his employment with Defendants on or around September 2, 2014.

20. Plaintiff Gross began working for Defendants on or around September 2, 2014 in the position of Account Executive Inside Sales.  Plaintiff Gross voluntarily left his employment with Defendants on or around February 6, 2015.

21. Plaintiff Owens began working for Defendants on or around September 19, 2014 in the position of Account Executive Inside Sales.  Plaintiff Owens is currently employed with Defendants.

22. Plaintiff DeBrosse began working for Defendants in or around September 2013 in the position of Account Executive Inside Sales. Plaintiff DeBrosse voluntarily left his employment with Defendants in or around April 2014.

23. Defendants are in the business of selling gourmet fruit and food gifts to individuals and businesses.

24. Defendants employ Account Executive Inside Salespeople (hereinafter referred to as "Inside Salespeople") at two locations: the Hebron, Ohio location and the Medford, Oregon location.

25. Upon information and belief, Inside Salespeople at both locations perform the same job duties and are subject to the same policies and procedures—including wage and hour policies.

26. Inside Salespeople work inside Defendants' offices at their respective locations and sit at a cubicle, desk, or other work station amongst other Inside Salespeople.

27. Inside Salespeople's primary job duty consists of making "cold-calls" and sending emails to potential new customers in order to develop new business-to-business sales.

28. Occasionally, Inside Salespeople make calls to prior or existing customers in an attempt to develop additional business.

29. Inside Salespeople are required to make a certain number of sales calls per day.

30. Inside Salespeople lack the ability to freely negotiate the terms of a sale with a customer or otherwise exercise independent judgment.  Indeed, all sales must fall within strictly defined parameters or supervisory permission must be obtained.

31. Due to the nature of Defendants' industry, Defendants have an "in season" and an "off season" during which the demand for Defendants' products fluctuates.  Defendants experience significantly higher demand for their product during the "in season (e.g., holiday time)," and the demand decreases in the "off season."

5

32. Defendants require Inside Salespeople to work set hours on a set schedule.

33. During the "off-season," Defendants require Inside Salespeople to work 5 days per week from 9:00 A.M. until 6:00 P.M.

34. Inside Salespeople are not permitted to "flex" their time in order to arrive earlier and leave earlier, or to arrive later and to leave later.

35. Defendants automatically deduct an unpaid 1-hour lunch period for every Inside Salesperson every day, regardless of whether Inside Salespeople take a lunch break.

36. On most occasions, with Defendants' knowledge, Inside Salespeople eat lunch at their desk, while continuing to work or do not take a lunch at all.

37. On other occasions, with Defendants' knowledge, Inside Salespeople take less than a 1-hour lunch break.

38. However, regardless of how many minutes an Inside Salespeople stops performing work and takes a lunch break—if at all—Defendants automatically deduct a 1-hour lunch period from all Inside Salespeople's shifts.

39. Inside Salespeople are not paid for the 1 hour lunch break, even if they continue working through all or part of the 1-hour time period.

40. Further, Inside Salespeople occasionally perform work for Defendants before and after their 9:00 A.M. to 6:00 P.M. shifts, including answering calls and emails from members of Defendants' management team and customers.

41. During the "in season," Defendants require Inside Salespeople to work 6 or 7 days a week, for substantially more than 8 hours per day.

42. Defendants classify Inside Salespeople as employees exempt from overtime laws.

43. At all times relevant herein, Inside Salespeople are paid a salary based on a 40 hour workweek. They do not receive commission, nor do they have the opportunity to receive raises.

44. Defendants do not pay their Inside Salespeople an overtime premium for all hours worked in excess of forty per week.

### FIRST CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes: All current and former Account Executive Inside Salespeople employed by Defendants, at its Ohio location and Oregon location, for 3 years prior to the date of filing this Complaint whom have not been paid overtime pay for all hours worked in a week in excess of forty.

47. In the three years prior to the date of filing this Complaint, Defendants have employed more than forty (40) Account Executive Inside Salespeople between their Hebron, Ohio and Medford, Oregon offices. These other Account Executive Inside Salespeople are similarly situated to Plaintiffs and referred to herein as Similarly Situated Plaintiffs or "SSPs".

48. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representative of all Account Executive Inside Salespeople and are acting on behalf of their interests as well as their own in bringing this action.

49. The SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant

to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

50. Plaintiffs and the SSPs were paid on a salary basis.

51. Plaintiffs and the SSPs were misclassified by Defendants as salary, non-exempt employees.

52. Plaintiffs and the SSPs were not paid an overtime premium for all hours worked over forty in a work week.

53. Defendants were aware that Plaintiffs and the SSPs were working significantly more than 40 hours per week, but were not receiving overtime compensation for hours worked in excess of 40 per week.

54. Defendants were also aware that Plaintiffs and the SSPs were performing work for Defendants before and after their scheduled shifts, including answering calls and emails from members of Defendants' management team and customers.

55. Defendants knew or should have known they were required to pay Plaintiff and the SSPs overtime pay.

56. In fact, Plaintiffs brought the issue of misclassification under the FLSA and entitlement to overtime pay to the attention of Defendants' management at the Hebron, Ohio location on multiple occasions.

57. Upon information and belief, Defendants' misclassification of its Account Executive Inside Salespeople and its failure to pay them overtime pay for all hours worked in excess of forty per week was a company policy enforced at Defendants' Hebron, Ohio and Medford, Oregon locations.

58. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without overtime compensation for the last 3 years. As a result, Plaintiffs and the SSPs have been damaged.

## SECOND CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime: Unpaid Overtime for Lunch Breaks

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes: All current and former Account Executive Inside Salespeople employed by Defendants, at its Ohio location and Oregon location, for 3 years prior to the date of filing this Complaint whom have not been paid overtime pay for all hours worked in a week in excess of forty as a result of Defendants' auto-deduct lunch policy.

61. In the three years prior to the date of filing this Complaint, Defendants have employed more than forty (40) Account Executive Inside Salespeople between their Hebron, Ohio and Medford, Oregon offices.  These other Account Executive Inside Salespeople are similarly situated to Plaintiffs and referred to herein as Similarly Situated Plaintiffs or "SSPs".

62. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiffs are representative of all Account Executive Inside Salespeople and are acting on behalf of their interests as well as their own in bringing this action.

63. The SSPs are known to Defendants and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

64. Plaintiffs and the SSPs were paid on a salary basis.

65. Plaintiffs and the SSPs were misclassified by Defendants as salary, non-exempt employees.

66. Plaintiffs and the SSPs were not paid an overtime premium for all hours worked in excess of forty in a work week. These hours included hours worked for Defendants during an unpaid 1-hour automatically-deducted lunch break.

67. Defendants automatically deduct an unpaid 1 hour lunch period for every Inside Salesperson every day, regardless of whether the Inside Salesperson takes a lunch break.

68. On most occasions, with Defendants' knowledge, Inside Salespeople eat lunch at their desk, while continuing to work.

69. On other occasions, with Defendants' knowledge, Inside Salespeople take less than a 1-hour lunch.

70. Inside Salespeople are not paid for the 1-hour lunch break, even if they continue working through all or part of the 1-hour time period.

71. Defendants were aware that Plaintiffs and the SSPs were working during the 1-hour lunch break period, but refused to compensate them for this time spent working.

72. Defendants knew or should have known they were required to pay Plaintiff and the SSPs overtime pay for the time spent during the 1-hour lunch period that Plaintiffs and the SSPs performed work for Defendants.

73. Plaintiffs brought the issue of their misclassification and entitlement to overtime pay to the attention of Defendants' management at the Hebron, Ohio location on certain occasions.

74. Upon information and belief, Defendants' misclassification of its Account Executive Inside Salespeople and its failure to pay them overtime pay for all hours worked in excess of forty per week was a company policy enforced at Defendants' Hebron, Ohio and Medford, Oregon locations.

75. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without overtime compensation for the last 3 years. As a result, Plaintiffs and the SSPs have been damaged.

### THIRD CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq*. -
### Failure to Pay Overtime

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. This claim is brought under Ohio Law.

78. Defendants' repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) , including hours worked for Defendants during an unpaid 1-hour automatically-deducted lunch break, to Plaintiffs was, and continues to be, a violation of Section 4111.03 of the Ohio Revised Code.

79. For the Defendants' violations of ORC 4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

### PRAYER FOR RELIEF

WHEREFORE,

 A. **AS TO COUNTS ONE & TWO**. Certification as a collective action to all SSPs and appointment of named Plaintiffs and their counsel to represent the Class. Enter an order directing Defendants to pay into a common fund for the benefit of Plaintiffs and all other members of the Class the total amount of damages to which Plaintiffs and the Class are entitled including unpaid wages, unpaid overtime, liquidated damages, interest, costs of the litigation and administration of the common fund, and

attorney's fees.  Injunctive relief for Defendants to cease violations of the FLSA. Such other or additional relief deemed appropriate by the Court.

B. **AS TO COUNT THREE**.  An award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred by Plaintiffs for Defendants' violations.

Respectfully submitted,

/s/Greg Mansell
Greg R. Mansell (0085197)
(*Greg.Mansell@Ohio-EmploymentLawyer.com*)
Carrie J. Dyer (0090539)
(*Carrie.Dyer@Ohio-EmploymentLawyer.com)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph:  (614) 610-4134
Fax:  (513) 826-9311
*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/Greg R. Mansell
Greg R. Mansell (0085197)