UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID LEMMON,** *et al.*,

      **Plaintiffs,**

  v.                              Case No.: 2:15-cv-779
                                      JUDGE SMITH
                                      Magistrate Judge Kemp

**HARRY & DAVID OPERATIONS,
INC.,** *et al.*,

      **Defendants.**

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Class Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (the "Motion for Conditional Certification") (Doc. 4). Defendants Harry and David Operations, Inc. and Harry and David LLC (collectively, "Defendants" or "Harry and David"), responded to the Motion for Conditional Certification (Doc. 13), and Plaintiffs replied in support (Doc. 16). Plaintiffs have also filed a Motion for Equitable Tolling (Doc. 6). Defendants responded in opposition to the Motion for Equitable Tolling (Doc. 9). Plaintiffs replied in support (Doc. 11). These motions are fully briefed and are ripe for disposition. For the following reasons, Plaintiffs' Motion for Conditional Class Certification is **GRANTED**, Plaintiffs' Motion for Expedited Discovery is **GRANTED in part**, Plaintiffs' Motion for Court Supervised Notice is **DENIED pending the parties' submission of a mutually agreed upon Notice to the Court**, and Plaintiffs' Motion for Equitable Tolling is **DENIED**.

## I.   BACKGROUND

Plaintiffs have brought the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111 ("OMFWSA").  Plaintiffs seek to recover unpaid overtime pay from Defendants for hours worked in excess of 40 hours per week for the three-year period preceding Plaintiffs' Motion for Conditional Certification.  Harry and David are in the business of selling gourmet fruit and food gifts to individuals and businesses.  (Doc. 20, 2d Am. Compl. at ¶ 34).  Harry and David employs Account Executive Inside Salespeople ("Inside Salespeople") at locations in Hebron, Ohio and Medford, Oregon.[1]  (*Id*. at ¶ 35).  Inside Salespeople sit at their desks or work stations while carrying out their primary work duties.  (*Id*. at ¶ 37).  Specifically, Inside Salespeople call and email potential customers in an effort to procure sales.  (*Id*. at ¶¶ 37–40).  Inside Salespeople are required to make a certain number of calls per day, work set hours, and have a very limited ability to negotiate the terms of a given sale.  (*Id*. at ¶¶ 40–41, 43).

The nature of Defendants' business dictates that Inside Salespeople have busy times and down times throughout the year.  (*Id*. at ¶ 42).  During down times, Inside Salespeople are required to work five nine-hour shifts each week.  (*Id*. at ¶ 44).  Harry and David deducts five hours each week (one hour per day) as an unpaid lunch break for each Inside Salesperson, regardless of whether they actually take a one-hour break.  (*Id*. at ¶ 46).  Plaintiffs allege that on most occasions, Inside Salespeople either eat lunch at their desks, take abbreviated lunches, or do not break for lunch at all.  (*Id*. at ¶¶ 47–48).  As a result, Plaintiffs allege that Harry and David knowingly deny overtime pay to Inside Salespeople for time they work during their lunch breaks.

---

[1]  There is some uncertainty as to whether both Defendant entities actually employ Inside Salespeople.  (*See* Doc. 20, 2d. Am. Compl. at ¶ 35; Doc. 21, 2d Am. Compl. Ans. at ¶ 35; *see also* Doc. 13, Resp. at 3).  This technicality is immaterial at the present stage and need not be addressed.

2

(*Id*. at ¶¶ 49–50). In addition, Inside Salespeople sometimes perform work outside of their typical shifts. (*Id*. at ¶ 51). Harry and David's products are in higher demand during certain time of the year, *i.e.* the holidays. (*Id*. at ¶ 44). As a result, during these periods of increased demand, Inside Salespeople often work six or seven days a week, for substantially more than eight hours per day. (*Id*. at ¶ 52). Plaintiffs allege that Inside Salespeople were misclassified as salary, exempt employees, were paid a salary based on a 40-hour workweek, and were not compensated for work performed in excess of 40 hours per week for all times relevant. (*Id*. at ¶¶ 54–55, 62).

## II. STANDARD OF REVIEW

Plaintiffs move to conditionally certify this case under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated'" and (2) ". . . must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)). "For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process.

*Comer*, 454 F.3d at 546.  This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims.  *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.).  A plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (Sargus, J.)).  "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).  "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process."  *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).  Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees."  *Cornell*, 2015 WL 6662919, at *1.  Final certification occurs after all class plaintiffs have opted in and discovery has concluded.  *Comer*, 454 F.3d at 546.  "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'"  *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) *report and recommendation adopted*, No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013) (King, M.J.) (quoting *Comer*, 454 F.3d at 547).  At this stage, courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to much more information on which they can rely than they did at the conditional certification stage.  *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.

4

Supp. 2d 493, 497 (D.N.J. 2000)). "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, J.).

### III. DISCUSSION

Plaintiffs have moved for conditional class certification, expedited discovery, and court supervised notice for "all . . . current and/or former Inside Salespeople at both the Hebron, Ohio and Medford, Oregon locations who conceivably could pursue claims for overtime wage violations . . ." (Doc. 4, Cert. Mot. at 9; see also Doc. 9, Reply at 3). In addition, Plaintiffs have moved for an order tolling the statute of limitations (Doc. 6) for opt-in plaintiffs from March 26, 2015—the date which Plaintiffs filed their motion to conditionally certify the class. Defendants oppose both motions, which are now fully briefed and ripe for disposition.

**A.     Plaintiffs' Motion for Conditional Certification**

Plaintiffs generally argue that all Inside Salespeople in both of Defendants' locations are similarly situated and were deprived of overtime compensation in violation of the FLSA. Specifically, Plaintiffs argue that Inside Salespeople at both locations perform the same job duties, are subject to the same wage and hour policies, are classified as salary, exempt employees by Defendants, and are not paid overtime. (Doc. 4, Cert. Mot. at 12–13). Section 2017(a)(1) of the FLSA "'provides that employers may not require employees to work more than forty hours per workweek unless those employees receive overtime compensation at a rate of not less than one-and-one half times their regular pay[.]" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552

5

(6th Cir. 2012) (quoting *Baden-Winterwood v. Life Time Fitness, Inc.,* 566 F.3d 618, 626 (6th Cir. 2009)).

When the Motion for Conditional Certification was filed, the named Plaintiffs were all current or former employees at Defendants' Ohio location.  Accordingly, Plaintiffs did not proffer any declarations from Oregon employees or anyone with personal knowledge of the practices in Defendants' Oregon location.  The only evidence offered to support this position came from declarants' statements that Inside Salespeople in Oregon and Ohio were subject to the same compensation plan and overtime policies.  (Doc. 4-1, OH Decls. at ¶ 17).  This perceived deficiency was central to Defendants' response.  Defendants' response contends: "(1) Plaintiffs' proposed class is fatally overbroad; (2) Plaintiffs have failed to make the requisite evidentiary showing that they are similarly situated to the proposed class of Hebron, Ohio and Medford, Oregon Account Executive, Inside Sales employees; and (3) Plaintiffs have failed to make the requisite evidentiary showing that Defendants have a 'common policy or plan' in both such facilities that violates the FLSA."  (Doc. 13, Resp. at 4).

Plaintiffs filed a Notice of Supplemental Witness Statements (Doc. 15) the same day they replied to the Motion for Conditional Certification.  Among the supplemental witnesses were two defendants who reside in Oregon and previously worked as Inside Salespeople at Defendants' Oregon location.  (Doc. 20, 2d Am. Compl. at ¶¶ 31, 33; *see also* Docs. 15-1 and 15-2, OR Decls.).  Plaintiffs acknowledged that Defendants did not have a chance to address the new evidence and Plaintiffs would not oppose a surreply.  (Doc. 15, Notice at 12).  Defendants elected not to file a surreply.

1. **Scope of the Class**

Defendants argue that Plaintiffs' Motion for Conditional Certification seeks to certify a class that is fatally overbroad. (Doc. 13, Resp. at 8). Defendants point to the seemingly conflicting class definitions proposed in Plaintiffs' Motion to Certify and Amended Complaint.[2] In Plaintiffs' Second Amended Complaint, the proposed class is defined as: "All current and former Account Executive Inside Salespeople employed by Defendants, at its Ohio location and Oregon location, for 3 years prior to the date of filing this Complaint whom have not been paid overtime pay for all hours worked in a week in excess of forty." (Doc. 20, 2d Am. Compl. at ¶ 57). In contrast, Plaintiffs' Motion and reply in support thereof define the proposed class as: ". . . all Defendants' current and/or former Inside Salespeople at both the Hebron, Ohio and Medford, Oregon locations who *conceivably* could pursue claims for overtime wage violations, and approve notice to these individuals." (emphasis added) (Doc. 4, Mot. at 9).

Defendants argue that the Motion's class definition is fatally overbroad because it encompasses other employees who are unrelated to the claims at bar. (Doc. 13, Resp. at 8). It must be noted that Defendants do not argue that the Second Amended Complaint's proposed class is overbroad. Defendants' argument is not well-taken. The Court finds both class definitions to be substantially similar. Both definitions limit the class to current and former Inside Salespeople who worked for Defendants within the last three years. Plaintiffs have proffered declarations from Inside Salespeople stating that the bases of their overtime nonpayment claims are hours worked before their shifts, after shifts, during lunch, and during weekends. There is no other allegation of any other basis for overtime nonpayment. In the Court's view, there are no differences in the two class definitions.

---

[2] The proposed class definition in Plaintiffs' Amended Complaint (Doc. 2) is identical to that stated in Plaintiffs' Second Amended Complaint (Doc 20). Therefore, Defendants' argument is unaffected despite the fact that Defendants responded before Plaintiffs were granted leave to file a Second Amended Complaint.

7

Therefore, the Motion's inclusion of the term "conceivably" does not render the proposed class fatally overbroad.

### 2. Similarly Situated

Although courts are split as to what exactly a plaintiff must show at this stage, this Court has previously held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quoting *Heaps v. Safelite Solutions, LLC*, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011) (Frost, J.)).

As mentioned above, Defendants argue that Plaintiffs have failed to show that all putative plaintiffs in the proposed class are similarly situated. This argument is based exclusively on the fact that there was no evidence to suggest that the situation in Oregon mirrored the situation in Ohio. Evidentiary circumstances have changed since Defendants made this argument: At the current time, there are twelve plaintiffs who have opted into this litigation. The plaintiffs break down as follows: (1) four former Inside Salespeople who worked at the Hebron, Ohio location; (2) six current Inside Salespeople who work at the Hebron, Ohio location; and two former Inside Salespeople who worked at the Medford, Oregon location—one of whom supervised eight Oregon-based and 6 Ohio-based Inside Salespeople.

### a. Ohio-Based Inside Salespeople

To support their position that potential class members are similarly situated to the named plaintiffs, Plaintiffs have provided nine declarations from current and former Ohio-based Inside

8

Salespeople.[3] All of the Ohio declarants have stated that they were not paid overtime wages for time worked in excess of 40 hours per week. (Doc. 4-1, Ohio Decls. at ¶ 16). In addition, all Ohio declarants stated that *all* Inside Salespeople—both in Ohio and Oregon—"are subject to the same compensation plan and overtime policies." (*Id.* at ¶¶ 17–18). Furthermore, Plaintiffs have provided the declaration of Roderick Summey (Doc. 15-1, Summey Decl.). Mr. Summey worked at Defendants' Oregon location but supervised a team of six Ohio-based Inside Salespeople in 2013. Mr. Summey's declaration states that none of the six Ohio-based Inside Salespeople received compensation for overtime hours worked. (*Id.* at ¶ 11). Therefore, 15 instances of overtime nonpayment—all of which are based on personal knowledge—are before the Court. Under the lenient conditional certification standard, this evidence is more than sufficient to show that other Ohio-based Inside Salespeople are similarly situated to Plaintiffs.

### b. Oregon-Based Inside Salespeople

With respect to the Oregon-based Inside Salespeople, the Court acknowledges that Ohio-based Inside Salespeople lack the requisite personal knowledge to vouch for the compensation plan and overtime policies of Defendants' Oregon location. However, to make the requisite modest factual showing that Plaintiffs are similarly situated to potential class member, Plaintiffs have provided two declarations of plaintiffs who have personal knowledge of Defendants' policies and procedures in Oregon. As stated above, Mr. Summey was employed by Defendants both as an Inside Salesperson in Oregon and a supervisor to eight other Inside Salespeople in Oregon. (*Id.* at ¶¶ 11–12). The second declaration was provided by a former Oregon-based Inside Salesperson who worked overtime but was denied compensation. (Doc. 15-2, Carson Decl. at ¶ 16). Taken together, Plaintiffs have offered evidence of at least ten individuals who

---

[3] The Court cannot locate a declaration for Plaintiff Richard Studer. All other Plaintiffs have submitted a declaration.

9

worked overtime but were not compensated for said overtime. Again, given the lenient standards at this stage of the litigation, there is sufficient evidence to suggest that similarly situated Oregon-based Inside Salespeople exist and should receive notice of this litigation.

### 3. Existence of Common and Unlawful Policy

Next, Defendants argue that even if Plaintiffs have shown they are similarly situated to all other Inside Salespeople in Oregon and Ohio, conditional certification is still improper because Plaintiffs have failed to offer any evidence of a common or unlawful policy maintained by Defendants. (Doc. 13, Resp. at 9–10). Defendants cite only non-binding case law from other jurisdictions to support this argument. The Sixth Circuit has spoken to this very issue. "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). However, "[s]howing a "unified policy" of violations is not required." *Id*. As such, Defendants' argument is not well-taken. Plaintiffs are not required to show a common and unlawful policy in order to obtain conditional certification.

### 4. Two-Year Versus Three-Year Statute of Limitations

Plaintiffs proposed class encompasses Inside Salespeople who have worked for Defendants within the last three years. Plaintiffs argue that three years is appropriate because Defendants willfully violated the FLSA. (Doc. 4, Mot. at 11–13).

"An ordinary violation of the FLSA is subject to a two-year statute of limitations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). "However, where a violation is 'willful' a three-year statute of limitations applies." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966–67 (6th Cir. 1991) (citing *McLaughlin*, 148 U.S. at 135). Under the standard set

forth by the Supreme Court in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125–30 (1985) and followed by the Sixth Circuit, a plaintiff is required to show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . . ." *Dole*, 942 F.2d at 966–67 (quoting *McLaughlin*, 486 U.S. at 133).

It is Plaintiffs' burden to prove that Defendants willfully violated the FLSA. Plaintiffs alleged a willful violation in their Second Amended Complaint. (Doc. 20, 2d Am. Compl. at ¶¶ 66–67). Defendants denied this allegation in their Answer to the Second Amended Complaint (Doc. 21, 2d Am. Compl. Ans. at ¶¶ 66–67), but did not oppose the statute of limitations extension in its response to the Motion. No other evidence is currently before the Court. Given the lenient standard employed at the conditional certification stage, the Court finds it appropriate to extend the statute of limitations to three years under the current circumstances. The Court is also mindful that certification at this stage is "by no means final." *Comer*, 454 F.3d at 546.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Conditional Certification, as proposed in Plaintiffs' Motion and extends the statute of limitations to three years in accordance with 29 U.S.C. § 255(a) and *McLaughlin*.

**B.**     **Plaintiffs' Motion for Expedited Discovery**

Plaintiffs have also moved for an order "requiring Defendants [Harry and David] to identify potential opt-in plaintiffs by promptly responding to Plaintiffs' First Interrogatories and Production of Documents Directed to Defendants[.]" (Doc. 4, Mot. at 1). Plaintiffs attached their Interrogatories & Requests for Production of Documents Directed to Defendants ("Discovery Requests") (Doc. 4-2) to their Motion for Conditional Certification. Defendants oppose the overbreadth of the Discovery Requests. (Doc. 13, Reply at 12).

Plaintiffs have requested that Defendants provide a list of all putative class members and the following information for each: (1) his or her name; (2) residential and business addresses;

11

(3) forwarding addresses; (4) telephone numbers; (5) email addresses; (6) dates of employment; (7) rates of pay; (8) job titles; and (9) reason for termination, if applicable; and (10) personnel and payroll records.  (Doc. 4-2, Disc. Reqs. at 8).  Defendants argue that several of these requests exceed Plaintiffs' needs at the notice stage.

"The FLSA 'grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'"  *Heaps v. Safelite Sols., LLC*, No. 2:10-CV-729, 2011 WL 1325207, at *7 (S.D. Ohio Apr. 5, 2011) (Frost, J.) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).  Courts may facilitate notice to putative collective class members "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Sperling*, 493 U.S. at 168–69. "Accurate and timely notice concerning the pendency of the collective action promotes judicial economy because it . . . allows them to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (Dlott, J.) (citing *Sperling*, 493 U.S. at 170).

The Court agrees with Defendants that some of the information sought by Plaintiffs is overbroad and unnecessary at this juncture.  First, the production of putative class members' rates of pay, job titles, reason for termination, and personnel/payroll records provides no benefit to the notice process.  Such information has no relation to the identification of and/or ability to contact putative class members.  In contrast, the remainder of the information sought by Plaintiffs directly affects the ability to contact potential opt-in plaintiffs and requires further examination.

"Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, No. 1:12-CV-599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (Black, J.) (citing *Shajan v. Barolo*, No. 10cv1385, 2010 WL 2218095 (S.D.N.Y. June 2, 2010). However, this Court has previously allowed plaintiffs to send notice by ordinary mail and electronic mail in the interest of judicial economy. *See Swigart*, 276 F.R.D. at 214. In *Wolfram*, this Court acknowledged the general rule that notice is typically sent by a single method but still permitted plaintiffs to serve notice to current employees by ordinary mail and to former employees by electronic mail. There, this Court reasoned that permitting two methods of service "appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit." *Wolfram*, 2012 WL 6676778, at *4. A similar approach was adopted by this Court in *Lutz v. Huntington Bancshares Inc.*, No. 2:12-CV-01091, 2013 WL 1703361 , at *7 (S.D. Ohio Apr. 19, 2013) (Frost, J.). In *Lutz,* this Court reasoned, "[b]y allowing e-mail notice to former employees now, the Court hopes to avoid the added step of having to resend notice in the event that a former employee's last known home address proves to be inaccurate." *Lutz*, 2013 WL 1703361, at *7.

The Court feels that a similar approach is warranted here. Accordingly, the Court hereby **ORDERS** that Defendants produce to Plaintiffs the following information for each potential opt-in plaintiff on or before **February 19, 2016** (30 days from the date of this Order): (1) his or her full name; (2) his or her last-known residential address; (3) his or her last-known email address (for former employees only); and (4) his or her dates of employment. Plaintiffs have not shown a need for the remaining information sought—*i.e.*, business addresses, forwarding addresses, or

telephone numbers. Further, the Court believes that the methods of delivery ordered above are sufficient to notify all potential opt-in plaintiffs.

**C.     Plaintiffs' Motion for Court Supervised Notice**

Plaintiffs attached to their Motion for Conditional Certification a proposed Notice of Rights (the "Notice") (Doc. 4-3) to be sent to putative class members. Defendants object to several aspects of the content of the proposed notice and request 30 days to confer with Plaintiffs to reach a mutually agreed upon notice. (Doc. 13, Resp. at 11–12). Plaintiffs have agreed to confer with Defendants in an attempt to determine an appropriate notice, but request a ten-day timeframe. (Doc. 16, Reply at 10). The Court hereby **ORDERS** the parties to confer and submit a mutually agreed upon notice by **February 3, 2016** (14 days from the date of this Order). In the event the parties are unable to reach a mutually satisfactory notice, each party shall submit a proposed notice on that same date.

**D.     Plaintiffs' Motion for Equitable Tolling**

On April 16, 2015, Plaintiffs filed a Motion for Equitable Tolling (Doc. 6) requesting that the Court toll the statute of limitations from March 26, 2015,—the date on which Plaintiffs filed their Motion for Conditional Certification—for all putative plaintiffs. Plaintiffs argue that putative plaintiffs will be deprived of their claims in whole or in part if the statute of limitations is not tolled from the date Plaintiffs originally sought conditional certification. Defendants argue that it is not appropriate to invoke the extraordinary remedy of equitable tolling because putative class members are not currently before the Court and the plaintiffs who have already opted in lack standing to seek relief on their behalf.

The doctrine of equitable tolling "permits courts to extend the statute of limitations on a ***case-by-case basis*** to prevent inequity." *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 826 (S.D.Ohio 2007) (Frost, J.) (emphasis added) (citing *Truitt v. Cty. of Wayne*, 148 F.3d

14

644, 648 (6th Cir.1998)).  The "equitable tolling doctrine is read into every federal statute." *Id.* (citing *U.S. v. $57,960.00 in U.S. Currency*, 58 F.Supp.2d 660, 664 (D.S.C. 1999)). It was clearly within Congress' contemplation that some time would lapse between the commencement of collective actions and the date that each opt-in plaintiff files his or her consent form.  *Id*. Notably, however, Congress did not explicitly remove courts' ability to equitably toll the statute of limitations.  *Id.*  "The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court."  *Id.* (citing *Truitt*, 148 F.3d at 648).

"A plaintiff bears the burden of demonstrating why he or she is entitled to equitably toll the statute of limitations in a particular case.  *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *see also Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004).  The Supreme Court has made it abundantly clear that that equitable tolling should be granted only sparingly.  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990).  The Sixth Circuit has adopted the same approach.  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).  Thus, courts should grant equitable tolling only when the circumstances of the case are extraordinary and warrant equitable action. Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000) (citing *Baldwin Cty.*, 466 U.S. at 151).

Both parties have correctly identified that the Sixth Circuit implements a five-factor test in deciding whether to apply the doctrine of equitable tolling in FLSA cases.  Namely, courts examine (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). The Court finds that it is premature to examine these factors at the present time.

The Court is aware that ten months have lapsed since Plaintiffs initially sought conditional certification and the date of this order. Accordingly, it may be appropriate to toll the statute of limitations for some or all of the plaintiffs who opt into the class in the future. However, under *Truitt*, this determination must be made on a case-by-case basis at a later juncture. The Court is not prepared to cast an extraordinary net extending the rights of putative plaintiffs when there is little to no specific information before the Court regarding their individual circumstances. Without the benefit of discovery, neither the Court—nor the parties— know the identity of all potential opt-in plaintiffs. Once potential plaintiffs are identified and opt in to the class, fact-finding will be required to determine whether each plaintiff satisfies the Sixth Circuit's five-factor test.

As stated above, it is a plaintiff's burden to demonstrate why he or she is entitled to equitably toll the statute of limitations in a particular case. Here, twelve plaintiffs are attempting to toll the statute of limitations on behalf of other, unknown plaintiffs who are not currently before the Court. Despite this, Plaintiffs cite three cases from this District that have equitably tolled the statute of limitations for all putative class members: *Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11-CV-759, 2013 WL 5177184 (S.D. Ohio Sept. 12, 2013) (Barrett, J.), *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842 (S.D. Ohio 2013) (Marbley, J.), and *Baden-Winterwood*, 484 F. Supp. 822. In all three cases, this Court equitably tolled the statute of limitations because of delays caused by the court or defendant. The Court respectfully declines

to follow the reasoning set forth in these three decisions and instead adopts the approach recently taken in *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234 (S.D. Ohio Feb. 26, 2015) (Rice, J.). It appears *Engel*, *Struck*, and *Baden-Winterwood* were decided in the interest of judicial expediency rather than strictly adhering to the "case-by-case" approach set forth in *Truitt*. In *Atkinson*, this Court followed *Truitt* and took the approach that "the doctrine of equitable tolling is an individualized inquiry, inappropriate for group consideration in the context of an FLSA collective action." *Atkinson*, 2015 WL 853234, at *9. The Court agrees with the rationale of *Atkinson* and declines to equitably toll the statute of limitations for all putative class members.

For the foregoing reasons, Plaintiffs' Motion for Equitable Tolling is **DENIED**.

### E. Court-Ordered Tolling

The parties have previously sought the Court's guidance regarding equitable tolling independent of Plaintiffs' Motion for Equitable Tolling. Defendants' Counsel contacted Plaintiffs' Counsel on April 14 and 15, 2015, to see if Plaintiffs' Counsel would agree to a 30-day extension for Defendants to respond to Plaintiffs' Motion for Conditional Certification. (Doc. 9, Eq. Toll. Resp. at 4). Plaintiffs' Counsel responded that Plaintiffs would only do so if Defendants agreed to toll the statute of limitations from March 26, 2015. (*Id.*; Docs. 9-1 and 9-2). Defendants—finding no grounds to support Plaintiffs' position—declined the Plaintiffs' offer. (Doc. 9, Eq. Toll. Resp. at 5). Opposing counsels were unable to resolve the issue until they attended a telephonic conference conducted by this Court. The parties reached a compromise by which Defendants would receive a 30-day extension to respond to the Motion for Conditional Certification in exchange for a 30-day extension to the tolling period. *Id.* The Court entered an order memorializing the agreement of the parties on April 20, 2015. The order stated "[i]f the Court decides that Plaintiffs' Motion for Conditional Certification should be granted,

whether in whole in in part, ***the period for putative class members shall also be tolled for thirty (30) days***. Plaintiffs' Motion for Equitable Tolling (Dkt. # 6) is not affected by this Order and remains pending before the Court." (Doc. 8, Order at 1) (emphasis added).

The parties reached this agreement on their own accord with the assistance of the Court. The Court will not now disturb this agreement. Accordingly, the statute of limitations will be tolled for a period of 30 days prior to each individual's submission of their notice of consent unless the Court finds reason to toll the statute limitations from an earlier date based on a case-by-case determination of plaintiffs' circumstances.

### IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Conditional Class Certification is **GRANTED**. Plaintiffs' Motion for Expedited Discovery is **GRANTED in part**, Plaintiffs' Motion for Court Supervised Notice is **DENIED until the parties submit a mutually agreed upon Notice to the Court**, and Plaintiffs' Motion for Equitable Tolling is **DENIED**. Full effect shall be given to this Court's prior order concerning the parties tolling agreement (Doc. 8).

The Clerk shall **REMOVE** Documents 4 and 6 from the Court's pending motions list.

**IT IS SO ORDERED.**

DATE: **January 20, 2015**            __/s/ George C. Smith_____
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**