IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID LEMMON, *et al.,* for themselves and others similarly situated, : : | |
| : | Civil Action No. 2:15-cv-779 |
| Plaintiffs, : | |
| : | JUDGE SMITH |
| vs. : | |
| : | MAGISTRATE JUDGE KEMP |
| HARRY & DAVID OPERATIONS, INC., *et al.,* : | |
| : | |
| Defendants. : | |

**JOINT MOTION FOR APPROVAL
OF COLLECTIVE ACTION SETTLEMENT**

Named Plaintiffs David Lemmon, Thaddeus Kilgore, Jr., William Landis, III, Gregory Taylor Gross, Richard Owens, Jeffrey Rath, Kyle DeBrosse, Walter Grubb, Brian Dupler, Kristi Carson, Richard Kyle Studer, and Roderick Summey ("Named Plaintiffs"), on behalf of themselves and the Opt-In Plaintiffs (collectively, "Plaintiffs") and Defendants Harry & David Operations, Inc. and Harry and David, LLC ("Harry & David" or "Defendants"), jointly move the Court to approve the settlement reached by the parties in this case. A memorandum in support follows.

**MEMORANDUM IN SUPPORT**

This FLSA collective action, filed March 5, 2015, alleges claims that Account Executive Inside Salespeople were improperly classified as exempt, salaried employees, and were not paid overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Following arms-length negotiations, the parties have reached a settlement in this matter.

Court approval is required to settle an FLSA collective action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "Before approving a settlement, a district court must conclude that it is fair, reasonable and adequate." *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "Several factors guide the inquiry: 1) the risk of fraud or collusion; 2) the complexity, expense, and likely duration of the litigation; 3) the amount of discovery engaged in by the parties; 4) the likelihood of success on the merits, 5) the opinions of class counsel and class representatives; 6) the reaction of absent class members; and 7) the public interest." Id. The parties agree that these settlement conditions are satisfied in all respects.

**I.     Background**

The parties have litigated this case for nearly sixteen months. Plaintiffs filed their Complaint on March 5, 2015, and their First Amended Complaint was filed on March 12, 2015. Defendants filed their Answer to the First Amended Complaint on May 11, 2015.

On May 26, 2015, Plaintiffs filed a motion for conditional class certification. Plaintiffs filed their Second Amended Complaint, adding certain of the Named Plaintiffs to the lawsuit on June 30, 2015. On January 20, 2016, the Court issued an Order granting Plaintiffs' motion for conditional class certification and authorized Plaintiffs to send notice of the pendency of this action and the right to join the suit ("opt-in"). On February 19, 2016 the Court approved the parties' jointly submitted form of the notice. Plaintiffs' counsel then sent a copy of the notice to 30 Account Executive Inside Salespeople who had performed work for either of the Defendants

between March 26, 2012 and the date of the sending of notice. During the 45-day opt in period, eight (8) additional individuals joined this action.[1]

Following the close of the opt-in period, the parties engaged in extensive discovery related to the Named Plaintiffs' and Opt-in Plaintiffs' payroll records, phone log records, computer log records, and other records available to most accurately determine the amount of time each class member worked each day. These records were thoroughly analyzed and discussed with each class member and between parties. The analysis of these records was used to formulate Plaintiffs' demand in this matter. The parties then engaged in private settlement discussions, which ultimately proved to be unsuccessful. On June 17, 2016, the parties attended the Court-scheduled Settlement Conference, pursuant to E.D. Order 13-01. With the guidance of the Court-appointed mediator, the parties reached a settlement reflected in the Settlement Agreement, which, per the terms of the Agreement and the consent of all parties, is being filed *in camera* for the Court's confidential review and approval.

## II. The Settlement

The settlement achieved by the parties is based on Plaintiffs' allegations that Defendants failed to pay them for all hours worked in excess of 40 at a pay rate of one and one half times their regular hourly rate pursuant to the FLSA, 29 U.S.C. § 207(a)(1). Plaintiffs alleged that this occurred because Plaintiffs were misclassified by Defendants as salaried employees, whom Defendants treated as exempt from the overtime provisions of the FLSA. Defendants deny liability or wrongdoing of any kind associated with Plaintiffs' claims, and they further deny that this case is appropriate for collective treatment for any purpose other than settlement.

---

[1] These individuals have agreed in writing in their opt-in forms to be represented by Plaintiffs' counsel and bound by the judgment of the Court in this matter. As such, the dismissal of this action pursuant to the terms of the Parties' Agreement shall apply with prejudice to the claims of these Opt-in Plaintiffs.

### a.   Temporal Scope of Settlement

Class Members herein will receive their alleged unpaid wages from the period of March 26, 2012 until the present. This period begins three years[2] from the date on which Plaintiffs filed their motion for conditional certification and continues to the present.

### b.   Payment to the Class

The amount of back wages to be paid to the Plaintiffs is based on an analysis of all available data, including Plaintiffs' individual phone logs, computer logs, and pay stubs. Because Plaintiffs were not classified as hourly employees, Defendants did not maintain records of the number of hours worked by Plaintiffs each workday and the total number of hours worked each workweek. However, Plaintiffs utilized a desk phone and computer to complete their work. Plaintiffs logged onto their phone to begin work, and logged out of their phones upon completion of their work for the day.[3] Thus, the parties analyzed these records to determine—based upon log-in and log-out times, the number of hours worked each day by each Named Plaintiff and Opt-in Plaintiff.

This data was analyzed to produce an accurate estimate of the work time Plaintiffs allege they were not paid for between March 5, 2012 and July 1, 2015 - the date Defendants began paying Account Executive Inside Salespeople on an hourly basis. Plaintiffs claimed they were entitled to compensation, at a rate of one and one half times their regular rate of pay, for the

---

[2] This look-back period is determined by the FLSA's statute of limitations. Pursuant to 29 U.S.C. § 255(a), Plaintiffs must file suit within two years of a violation. Plaintiffs can extend this period to three years in the event they can prove a willful violation of the statute, which requires a showing that Defendants "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Schneider v. City of Springfield*, 102 F. Supp. 2d 827 (S.D. Ohio 1999) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

[3] The parties acknowledge that the phone records do not necessarily provide a complete, comprehensive record of all hours worked by each Plaintiff. Some Plaintiffs logged on to their phone every morning upon beginning work, and logged out upon completion of their work for the day; however, other Plaintiffs did not utilize the phone log-on and –off system as diligently. Nonetheless, the Parties agreed that the phone log records provide the best evidence of hours worked.

recovery period for all hours worked each workweek in excess of 40.  Plaintiffs also claimed they are entitled to liquidated damages.  See 29 U.S.C. § 29 U.S.C. § 216(b).  On the other hand, Defendants deny that Plaintiffs were misclassified, and that they are owed any unpaid overtime compensation or liquidated damages.  Defendants further assert that even if the Court finds that Plaintiffs were misclassified and are entitled to unpaid overtime compensation, Plaintiffs' damages will be limited as follows: (1) Plaintiffs would only be entitled to "half-time" rather than "time-and-one-half" under the fluctuating workweek method of calculation;  (2) the "look back" period will be limited to two years because Plaintiffs cannot prove that Defendants willfully violated the FLSA, and; (3) no liquidated damages will be awarded because Defendants can prove they acted in good faith.[4]

First, Plaintiffs calculated the number of overtime hours worked by each Named Plaintiff and Opt-in Plaintiff.  Next, Plaintiff's overtime pay allegedly owed was calculated in two ways.  The number of hours in excess of 40 worked per week by each Plaintiff was multiplied by: (1) one and one half times their regular rate of pay (i.e., $25.25 per hour) and (2) the "half time" rate, pursuant to the fluctuating workweek method (i.e., $8.42 per hour).

Under the concept of a "fluctuating workweek," an "employee who is employed on a salary basis may have a schedule in which his hours are not fixed, but instead fluctuate from week to week." 29 CFR § 778.114. The employee may receive a salary "pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for

---

[4] The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  To avoid paying liquidated damages under the FLSA, a defendant has the burden of proving that it acted in good faith and that it had reasonable grounds for believing its actions were not a violation of the Act.  *Solis v. Min Fang Yang*, 345 F. App'x. 35, 38 (6th Cir. 2009) (quoting *Martin v. Ind. Mich. Power Co*., 381 F.3d 574, 585 (6th Cir. 2004).

whatever hours he is called upon to work in a workweek, whether few or many." *Id.* "Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek" this arrangement is permitted as long as the employee is making a salary sufficient to provide him compensation at a rate not less than the minimum wage rate for every hour worked, and "if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay." *Id.* The Sixth Circuit has not yet directly considered the issue indicating in what circumstances application of the fluctuating workweek method is proper.

The abovementioned calculation was completed for both the 2-year look back period, as well as the 3-year look back period for each Plaintiff, at the two different rates (1.5x versus .5x for each period of time). In addition, liquidated damages were considered for each scenario. This produced 8 different possible values Plaintiffs alleged they were owed:

| Two year look-back period at 1.5x regular rate of pay | Two year look-back period at 1.5x regular rate of pay, plus liquidated damages | Two year look-back period at .5x regular rate of pay | Two year look-back period at .5x regular rate of pay, plus liquidated damages |
|---|---|---|---|
| Three year look-back period at 1.5x regular rate of pay | Three year look-back period at 1.5x regular rate of pay, plus liquidated damages | Three year look-back period at .5x regular rate of pay | Three year look-back period at .5x regular rate of pay, plus liquidated damages |

The settlement reached by the parties compensates each Plaintiff for unpaid overtime compensation for a 3-year look back period, from March 26, 2012 (3 years prior from the date this lawsuit was initiated) until July 1, 2015 (when Defendants changed its practices). The parties agreed to a sum that compensates the Plaintiffs for overtime hours worked during this time frame at a rate between the "time and a half" rate and the "half time" rate. The settlement

also includes an equal amount to be paid to Plaintiffs in liquidated damages. The parties submit that the agreed-upon amounts are fair and reasonable based on the Plaintiffs' claims, and based upon potential defenses and/or damage mitigating arguments Defendants have. Although Defendants have agreed to pay this amount for settlement purposes only, Defendants maintain that at all times they acted in good faith and did not violate the FLSA, whether willfully or otherwise.

The chart attached as Exhibit A to the Settlement Agreement demonstrates the amount of lost pay, liquidated damages, and total amounts each Plaintiff is to receive. This amount is to be paid to them in two separate payments: (1) one representing unpaid wages in the form of a payroll check, less applicable withholdings, and (2) one representing liquidated damages, in which an IRS Form 1099 will be issued..

   **c.**  **Payment of Attorney Fees**

In addition to the amounts payable to the individual, pursuant to the terms of the Settlement Agreement, Defendants will make a payment to Plaintiffs' counsel for attorney fees. *See* 29 CFR § 216(b). The parties submit that these fees are fair and reasonable due to the work done on this case and the amount—payment of back pay for a 3-year look back period, plus additional liquidated damages to compensate the Plaintiffs for allegedly not being paid in a timely matter—achieved for the clients. Counsel also submits that the amount of fees is reasonable to compensate Plaintiffs' counsel for the amount of work performed during the 16-month litigation

  **III.**  **The Settlement Should be Approved**

In summation, this settlement achieves for the Plaintiffs:

(1)  Back pay for the three year period preceding the filing of the lawsuit to the present. This figure includes the extra "willful" year for which Plaintiffs would

    have needed to make a special showing of a knowing or reckless disregard of the statute.

(2) Liquidated damages to compensate Plaintiffs for the alleged losses incurred by not being paid in a timely fashion.

(3) Payment of Plaintiffs' attorney fees and costs.

"If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.'" *Crawford v. Lexington-Fayette Urban Cty. Gov't,* 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (*citing Lynn's*, 679 F.2d at 1350). This settlement is a reasonable compromise of Plaintiffs' claims and Defendants' possible meritorious defenses. It was negotiated at arm's-length, there was no fraud or collusion, and the parties made great efforts to obtain solid estimates upon which this compromise is based. Therefore, the parties ask that this Court approve this settlement, including attorney fees and the dismissal of all claims with prejudice, as just and reasonable.

Respectfully submitted,

/*s/ Gregory R. Mansell*
Gregory Mansell (0049791)
*(Greg.Mansell@Ohio-EmploymentLawyer.com)*
Caroline Dyer (0090539)
*(Carrie.Dyer@Ohio-EmploymentLawyer.com)*
MANSELL LAW, LLC
1457 South High Street
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311

*Attorneys for Plaintiffs*

*/s/ Daniel L. Messeloff*
*via email authorization (7.29.16)*
Jeffrey B. Keiper (#0063133)
Daniel L. Messeloff (#0078900)
Roland J. De Monte (#0081129) *Park Center*
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, Ohio 44131
Ph: (216) 750-0404
Fax: (216) 750-0826
Email:
*Jeffrey.Keiper@JacksonLewis.com*
*Daniel.Messeloff@JacksonLewis.com*
*Roland.DeMonte@JacksonLewis.com*

*Attorneys for Defendant*